IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELICA JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-22-00672-PRW |
| ) | |
| OMNI HOTELS MANAGEMENT ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant Omni Hotels Management Corporation's Motion for Summary Judgment and Brief in Support (Dkt. 20). Plaintiff Angelica Johnson responded (Dkt. 26), and Omni replied (Dkt. 30). For the reasons given below, Omni's motion is **GRANTED** in part and **DENIED** in part.

*Background*

This is a premises-liability case involving an alleged injury at the Omni Hotel in Oklahoma City. On June 6, 2021, Plaintiff Angelica Johnson visited the Omni to join a birthday celebration for her sister, Naomi Hammons. Ms. Hammons checked into Room 814 that afternoon. Like Omni's other rooms, Room 814 has a sliding barn-style door at the bathroom entrance. The door slides along metal railing that is covered by a decorative, seven-and-a-half-foot wooden valance affixed to the wall. Ms. Johnson claims that shortly after entering Room 814, she opened the bathroom door and was injured when the valance

fell from above. Ms. Hammons then reported to Omni's front desk that the valance "kept falling down" and that it had lacerated Ms. Johnson's lip and tongue.

Ms. Johnson sued Omni in Oklahoma County, and Omni removed the case to this Court based on diversity of citizenship. Omni now seeks summary judgment on three issues: (1) that Ms. Johnson was a licensee rather than an invitee, (2) that she knew about the alleged dangerous condition before the incident, and (3) that Omni had no actual or constructive knowledge of the alleged dangerous condition. As such, Omni argues, it cannot be held liable for Ms. Johnson's alleged injuries.

## *Legal Standard*

Federal Rule of Civil Procedure 56(a) requires "[t]he court [to] grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In deciding whether summary judgment is proper, the Court does not weigh the evidence and determine the truth of the matter asserted, but instead determines only whether there is a genuine dispute for trial before the factfinder.[1] The movant bears the initial burden of demonstrating the absence of a genuine, material dispute and an entitlement to judgment.[2] A fact is "material" if, under the substantive law, it is essential to the proper disposition of the claim.[3] A dispute is

---

[1] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see also Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1251 (10th Cir. 2015).

[2] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[3] *Anderson*, 477 U.S. at 248; *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

"genuine" if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way.[4]

If the movant carries its initial burden, the nonmovant must then assert that a material fact is genuinely disputed and must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials"; by "showing that the materials cited [in the movant's motion] do not establish the absence . . . of a genuine dispute"; or by "showing . . . that an adverse party [i.e., the movant] cannot produce admissible evidence to support the fact."[5] The nonmovant does not meet its burden by "simply show[ing] there is some metaphysical doubt as to the material facts"[6] or theorizing a plausible scenario in support of its claims. Instead, "the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."[7]

## Discussion

As mentioned above, Omni has moved for summary judgment on three issues: (1) that Ms. Johnson was a licensee rather than an invitee, (2) that she knew about the alleged

---

[4] *Anderson*, 477 U.S. at 248; *Adler*, 144 F.3d at 670.

[5] Fed. R. Civ. P. 56(c)(1). *See Celotex Corp.*, 477 U.S. at 322.

[6] *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

[7] *Id.* (quoting *Anderson*, 477 U.S. at 251–52); *Bingaman v. Kan. City Power & Light Co.*, 1 F.3d 976, 980 (10th Cir. 1993)).

dangerous condition before the incident, and (3) that Omni had no actual or constructive knowledge of the alleged dangerous condition. The Court denies summary judgment on the first and second issues, but summary judgment is granted in part and denied in part on the third issue.[8]

I. Ms. Johnson's Status as a Licensee or Invitee.

A central question in any premises-liability case is the plaintiff's status as a trespasser, licensee, or invitee. That is because a landowner owes different duties of care to each class of persons.[9] A licensee is one who enters another's premises "for their own benefit or pleasure by express or implied permission of the owner."[10] As to a licensee, a landowner owes "the duty to exercise reasonable care in disclosing dangerous defects known to the proprietor but unlikely to be discovered by the licensee."[11] This duty "extends to hidden dangers, traps, snares, and similar conditions."[12] An invitee, however, is one who "uses the premises of another for the purpose of a common interest and mutual

---

[8] Oklahoma uses the "most significant relationship" test to determine governing law in tort cases arising in diversity jurisdiction. And here, that test indicates Oklahoma law should apply. *See Martin v. Gray*, 385 P.3d 64, 67 (Okla. 2016) ("The choice of law applicable to a tort claim is the 'most significant relationship' test...."); *Brickner v. Gooden*, 525 P.2d 632, 635 (Okla. 1974) ("The factors to be taken into account and to be evaluated according to their relative importance with respect to a particular issue, shall include: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (4) the place where the relationship, if any, between the parties occurred.").

[9] *See Sholer v. ERC Mgmt. Grp., LLC*, 256 P.3d 38, 43 (Okla. 2011).

[10] *Brown v. Nicholson*, 935 P.2d 319, 321 (Okla. 1997).

[11] *Sholer*, 256 P.3d at 43.

[12] *Id.*

advantage."[13] As to an invitee, a landowner owes "the additional duty of exercising reasonable care to keep the premises in a reasonably safe condition for the visitor's reception."[14]

Omni argues that Ms. Johnson was a licensee because she was neither a registered hotel guest nor on the premises for Omni's benefit; she was there "as a guest of her sister."[15] In support, Omni points to a declaration from its area director for loss prevention that states—in a conclusory manner—that "Plaintiff was not at the Hotel at the invitation of Omni or for Omni's benefit."[16] Omni does not otherwise support this assertion, and Ms. Johnson responds that the party guests were at the Omni to enjoy the various amenities offered to registered and non-registered guests alike, such as the roof-top pool, bar, shops, and restaurants.[17] Enjoying these amenities would be for "a common interest and mutual advantage"[18] with Omni because the hotel would profit from the party guests' business. The Court thus concludes that Omni has not carried its burden to show the absence of a genuine, material dispute and an entitlement to judgment as a matter of law.

---

[13] *Brown*, 935 P.2d at 321.

[14] *Sholer*, 256 P.3d at 43.

[15] Def.'s Mot. (Dkt. 20), at 7.

[16] *Id.*, Ex. 2 at 3.

[17] Pl.'s Resp. (Dkt. 26), Ex. 1 at 2.

[18] *Brown*, 935 P.2d at 321.

II.   *Duty of Care.*

Omni asserts that it did not breach a duty of care to Ms. Johnson because she knew about the alleged dangerous condition before the incident, and even if she did not, Omni did not have actual or constructive knowledge of the condition.

A.   *Ms. Johnson's Knowledge of the Condition.*

Under Oklahoma law, a landowner's duty to protect third parties is "generally eliminated . . . for dangers so open and obvious as to reasonably expect others to detect them for themselves."[19] Omni argues that "[t]he uncontroverted material facts establish that Plaintiff was aware of the dangerous condition" before her alleged injury.[20] This is because "immediately following the incident, Plaintiff's sister . . . reported to Omni and at least one third person that the valance had fallen prior to the incident."[21] According to Omni, "that Plaintiff's sister and other occupants of Room 814 knew the valance had fallen suggests that the danger, if any, was open and obvious."[22] But this says nothing about how the valance appeared when Ms. Johnson entered Room 814, nor does Omni assert that Ms. Johnson had personally observed the valance fall or that anyone had informed her of the condition before the incident. Because a genuine dispute remains about whether Ms. Johnson knew of the alleged dangerous condition, Omni is not entitled to summary judgment on this issue.

---

[19] *Wood v. Mercedes-Benz of Okla. City*, 336 P.3d 457, 459 (Okla. 2014).

[20] Def.'s Mot. (Dkt. 20), at 8.

[21] *Id.*

[22] Def.'s Reply (Dkt. 30), at 7 n.3.

B. *Omni's Actual or Constructive Knowledge of the Condition.*

Although an invitor must "exercise reasonable care to prevent injury" to invitees, "an invitor is not an insurer of the safety of others and is not required to prevent all injury occurring on the property."[23] An invitor cannot be held responsible for an injury unless it "could be charged with gaining knowledge of the condition in time sufficient to effect its removal or to give warning of its presence."[24] This knowledge can be actual or constructive.[25]

Omni argues that it possessed neither actual nor constructive knowledge of the alleged dangerous condition. According to Omni, "[t]here had been no reports of any damaged bathroom doors, valances, or hardware in Room 814 or any of the other guest rooms in the Hotel that would have given Omni an indication that a dangerous condition might exist."[26] Nor did Omni's staff ever "observe[] or report[] any hazard, damage, defect, danger, or malfunction of the valance or the door in question at any time prior to June 6, 2021."[27] Ms. Johnson disagrees. She says that Omni had actual knowledge of the alleged dangerous condition because, approximately one week before the incident in Room 814,

---

[23] *Taylor v. Hynson*, 856 P.2d 278, 281 (Okla. 1993).

[24] *Id.* (quoting *Rogers v. Hennessee*, 602 P.2d 1033, 1035 (Okla. 1979)).

[25] *Rogers*, 602 P.2d at 1036.

[26] Def.'s Mot. (Dkt. 20), at 12. Omni cites deposition testimony from its area director for loss prevention. *See id.* ¶¶ 8–15.

[27] *Id.* at 13. Ms. Johnson admits that the valance was installed by a third party and that "Omni did not make any repairs, modifications or changes to the bathroom door or valance in Room 814 from the time it was originally installed until after Omni learned of [her] injury on June 6, 2021." *See id.* ¶¶ 8, 10; Pl.'s Resp. (Dkt. 26), ¶¶ 8, 10.

7

"the wooden valance above the bathroom door in Room 1107 fell when a guest had tried to push instead of pull the sliding door."[28] And Omni had constructive knowledge of the alleged dangerous condition because the multiple instances of the valance falling—both during Ms. Hammons's party and after Omni sought to correct the issue—would have put on notice "any hotel owner that routinely opened and closed the bathroom door."[29]

Ms. Johnson has not raised a genuine dispute about whether Omni had actual knowledge of the alleged dangerous condition in Room 814. This is because an alleged issue with the valance in Room 1107 would not give Omni *actual* knowledge of an alleged dangerous condition in a different room. Instead, Ms. Johnson has raised a genuine dispute about whether Omni had constructive knowledge of the alleged dangerous condition: Omni's knowledge of the falling valance in Room 1107 would support an inference that Omni should have known other valances could fall if pressure were applied to them. Whether that prior incident in Room 1107 could "charge[] [Omni] with gaining knowledge of the condition"[30] in Room 814 is a question of fact for the jury, not the Court.[31]

---

[28] Pl.'s Resp. (Dkt. 26), at 14. Ms. Johnson cites deposition testimony from an Omni representative. *See id.*, Ex. 2 at 12–13 ("[T]he only other time that the valance had [come] down was 1107 when [there] was clearly some force applied.").

[29] Pl.'s Resp. (Dkt. 26), at 15.

[30] *Taylor*, 856 P.2d at 281 (quoting *Rogers*, 602 P.2d at 1035).

[31] *See Dean v. Wexford Health Sources, Inc.*, No. 17-CV-3112, 2019 WL 6255043, at *2 (C.D. Ill. Nov. 22, 2019) ("The Court will not wade into each dispute to weigh the strength of the inferences; that is the jury's job. The focus of the Court's inquiry is whether a reasonable juror could find in Plaintiff's favor.").

Omni has carried its burden to show that there is no genuine dispute about whether it had actual knowledge of the alleged dangerous condition in Room 814. The Court thus grants summary judgment on this issue. But the Court denies summary judgment on whether Omni had constructive knowledge of an alleged dangerous condition.

*Conclusion*

For the reasons explained above, Omni's Motion for Summary Judgment (Dkt. 20) is **GRANTED** in part and **DENIED** in part.[32]

**IT IS SO ORDERED** this 20th day of June 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[32] Because Omni's Motion is partly denied, and because Ms. Johnson did not move for summary judgment on these issues, the Court does not address her arguments concerning negligence *per se* and *res ipsa loquitur*.